(No. 3734—

EUGENE N. MUELLER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1945.*

WILLIAM C. CONNOR, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Eugene N. Mueller, the above named claimant, was employed as an investigator by the Department of Conservation of this State, at a salary of $125.00 per month. That he was a duly certified Civil Service employee in the classified service of the State of Illinois, as an investigator as aforesaid.

The complaint further avers that this claimant, among others not having been assigned for duty in said

Department of Conservation, filed a petition in the Circuit Court of Cook County entitled *People ex rel Goldsmith, et al,* vs. *Osborne, et al,* #41C1309, and on August 6, 1941, a writ of mandamus was issued out of said court compelling the Director of Conservation to reinstate the claimant to the position of investigator in the Department of Conservation and to pay him the salary lawfully appropriated therefor.

The complaint further alleges that thereafter from August 6, 1941, to January 19, 1942, claimant was employed in said Department as an investigator and on the last mentioned date tendered his resignation to the Depatrment of Conservation, which resignation was accepted. It further alleges that this claimant received salary from said Department from August 6 to August 31 and for the months of September and December, 1941, at the rate of $125.00 per month.

This claimant claims a salary for the months of October and November, 1941, and for the period of January 1 to January 19, 1942, at the rate of $125.00 per month, amounting to the sum of $326.00.

The record consists of the sworn complaint, copy of judgment order of the Circuit Court of Cook County, reports of the Department of Conservation by Livingston E. Osborne, its director, stipulation of the parties hereto that the reports of the Director of the Department of Conservation, dated November 2, 1942, December 2, 1942, and November 1, 1943, constitute a part of the record of this claim, and that the judgment order for the writ of mandamus in the Circuit Court above referred to also constitutes a part of the record of this claim. This stipulation further provides that the record of the Auditor of the State of Illinois shows that there was a lapsed balance in the appropriation for salary and wages

out of the Department of Conservation in the sum of $40,289.80 as of the 30th day of September, 1943.

Neither the claimant nor the respondent file a brief, statement and argument in this case but each waives the filing of same. The above documents constitute the full and complete record.

Upon an examination of the record as we find it, it indicates that this claimant is entitled to the salary which he demands of the State inasmuch as he was a duly certified Civil Service employee on the eligible list. and should have been employed when a vacancy was created. And the only reason that claimant was not employed according to the record of the Director of Conservation as an investigator for the months for which he demands salary, was for the reason that the payroll was completely filled for each of these months. The report of Livingston E. Osborne, Director, dated November 2, 1942, acknowledges that the amount due to the claimant is $326.00.

An award, therefore, is entered in favor of claimant as follows: For the month of October and November, 1941, and for the period of January 1 to January 19, 1942, at $125.00 per month, totalling the sum of $326.00.